DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Sandusky County Court of Common Pleas. Because we conclude that the trial court was correct in its determinations and that appellant was effectively represented by counsel, we affirm.
On August 24, 1999, three indictments were issued against appellant, Craigary McCoy. The first indictment charged appellant with two counts of receiving stolen property. On October 29, 1999 appellant pled guilty to count one of receiving stolen property. In return, the state agreed to dismiss the remaining count and specification.
The second indictment charged appellant with one count of receiving stolen property. On October 29, 1999, appellant pled guilty to that count.
The third indictment charged appellant with one count of preparing drugs for sale, with the specification that the offense was committed in the presence of a juvenile. The indictment also charged appellant with one count of carrying concealed weapons and one count of possessing criminal tools. On November 15, 1999, appellant pled guilty to preparing drugs for sale with the specification that the offense was committed in the presence of a juvenile. The state agreed to dismiss the remaining counts of the indictment against appellant.
On December 9, 1999, appellant was sentenced on all three charges. The trial court sentenced appellant to six months in prison on each of the receiving stolen property charges. The trial court also sentenced appellant to three years in prison for the charge of preparing drugs for sale. The three sentences were to run concurrently. It is from this judgment that appeal is sought.
Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellant's counsel, pursuant to the guidelines established in Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel states that, after careful review of the record and legal research he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review. Although counsel did not specifically set out an assignment of error for appeal, the brief does indicate one potential error "that might arguably support appeal." Anders,supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has not filed a brief on his own behalf.
We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300. The one potential assignment of error set forth in the brief is as follows:
 "WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
In order to prove ineffective assistance of counsel, a defendant must show (1) that defense counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. See also Strickland v. Washington (1984),466 U.S. 668, 694.
In this case, while representing appellant at both change of plea hearings, trial counsel successfully negotiated the dismissal of three counts against appellant. At appellant's sentencing, trial counsel requested that the trial court impose the most lenient sentence on appellant. He also suggested alternative sentencing options which would have been favorable to appellant. Furthermore, at each change of plea hearing, when the trial judge asked appellant if he was satisfied with the way trial counsel had represented him, appellant answered in the affirmative.
Based on the above facts, appellant has failed to demonstrate that trial counsel's representation fell below an objective standard of reasonableness, the first element necessary for proving ineffective assistance of counsel. Accordingly, appellant's proposed assignment of error is without merit.
We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is hereby granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 ______________________ Melvin L. Resnick, J.
James R. Sherck, J., Richard W. Knepper, P.J., Concur.